IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

---

UNITED STATES OF AMERICA

    Plaintiff,

v.                                                Case No. 1:25-cr-01335 KWR-3

ANGELICA DESANTIAGO,

    Defendant.

### **ORDER GRANTING GOVERNMENT'S MOTION TO REVOKE RELEASE ORDER**

THIS MATTER is before the Court on the Government's Motion for Revocation of Conditions of Release, Emergency Motion for Stay, and Brief in Support of Detention **(Doc. 62)**. The Government moves to revoke Judge Fashing's release order pursuant to 18 U.S.C. § 3145(a). Having conducted a *de novo* review of the record in this case, including the Pretrial Services report, the audio recording of the detention hearing, and the parties' briefing, the Court finds the Government's Motion is well taken and, therefore, is **GRANTED.** The release order is revoked pursuant to 18 U.S.C. § 3145(a).

### BACKGROUND

Defendant was charged in three counts of a 13-count, multi-defendant indictment. The Government alleges that agents completed two controlled buys of 400 grams or more of fentanyl, resulting in three charges in this case:

    Count 1: Conspiracy to distribute, and possession with an intent to distribute, a controlled substance.

Count 7: Intentional Distribution of 400 grams and more of a mixture and substance containing a detectable amount of fentanyl in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(vi) and 18 U.S.C. § 2.

Count 8: Intentional Distribution of 400 grams and more of a mixture and substance containing a detectable amount of fentanyl in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(vi) and 18 U.S.C. § 2.

The pretrial services report recommended that the Defendant be released to the third-party custody of La Pasada halfway house. Doc. 44 at 3. It noted that she poses a risk of nonappearance or a risk of danger for the following reasons: nature of instant offense, substance abuse history, and history of weapons use. However, the report did not consider the weight of the evidence or the rebuttable presumption of detention. Doc. 44 at 1.

Judge Fashing held a detention hearing and ordered her release to La Pasada halfway house. Judge Fashing concluded her parents were not suitable third-party custodians.  The Government alleges that neither her mother nor her grandmother were forthcoming to Pretrial Services regarding their criminal history.

On May 28, 2025, Defendant filed a motion to modify conditions of release. She requested that the Court place her in the third-party custody of her grandparents, over the opposition of pretrial services. *See* Doc. 58, Doc. 61. Pretrial Services rejected Defendant's grandmother as a third-party custodian because she was not forthcoming about her felony convictions to pretrial services. Doc. 62 at 2.

The Government now moves to revoke the release order under § 3145(a).  The Court stayed the release order pending briefing on, and disposition of, the motion. Doc. 63.

**LEGAL STANDARD**

"A defendant may be detained pending trial if a judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." *United States v. Mobley*, 720 F. App'x 441, 443–44 (10th Cir. 2017), *citing* 18 U.S.C. § 3142(e)(1). "The government bears the burden of proving risk of flight by a preponderance of the evidence and dangerousness to any other person or the community by clear and convincing evidence." *Mobley*, 720 F. App'x at 443-44 (internal citations omitted), *citing United States v. Cisneros,* 328 F.3d 610, 615 (10th Cir. 2003).

Under § 3142(g), the Court must consider four factors as part of the evaluation: "(1) the nature and circumstances of the offense charged, including whether the offense ... involves a minor victim"; "(2) the weight of the evidence against the person"; (3) "the history and characteristics of the person"; and (4) "the nature and seriousness of the danger to any person or the community that would be posed by the person's release." 18 U.S.C. § 3142(g).

A district judge may revoke a release or detention order under 18 U.S.C. § 3145. The district judge reviews the record *de novo*. *United States v. Cisneros*, 328 F.3d 610, 616 (10th Cir. 2003). Moreover, the Court may consider the evidence before the magistrate judge and may also consider new evidence presented by the parties. *Id.* at 617.

**DISCUSSION**

The Government moves to revoke the release order under 18 U.S.C. § 3145(a). Considering the record *de novo*, the Court grants the motion, finding by a preponderance of the evidence that Defendant is a flight risk and by clear and convincing evidence that she is a danger to the community. Moreover, no condition or combination of conditions will reasonably assure her appearance as required or the safety of the community.

3

I.  **Detention factors under § 3142(g)**.

The Court considers the § 3142(g) factors below, and finds they weigh in favor of detention.

    A.  **Rebuttable Presumption of Detention.**

The parties agree that a rebuttable presumption of detention arises here under 18 U.S.C. § 3142(e)(3)(A).  Section 3142(e)(3)(A) provides that detention is presumed when a defendant is charged with an offense "for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act." *Id.*  Here, Defendant is charged with two counts of trafficking 400 grams and more of fentanyl in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(vi).  Defendant faces a potential minimum term of ten years' imprisonment and a maximum term of life imprisonment. 21 U.S.C. §§ 841(b)(1)(A)(vi).

Therefore, Congress has imposed a rebuttable presumption that no combination of conditions of release will reasonably assure the attendance of the defendant as required or the safety of the community. 18 U.S.C. § 3142(e)(3). Once the presumption is invoked, the burden of production shifts to the defendant. *United States v. Striklin*, 932 F.2d 1353, 1354 (10th Cir. 1991). "However, the burden of persuasion regarding risk-of-flight and danger to the community always remains with the government. The defendant's burden of production is not heavy, but some evidence must be produced.  Even if a defendant's burden of production is met, the presumption remains a factor for consideration by the district court in determining whether to release or detain." *Id.* at 1354-55.

Here, Defendant asserts that she has strong community ties, strong family ties, a business, and a lack of criminal convictions. It is not clear this is sufficient to rebut the presumption. *United States v. Stricklin*, 932 F.2d 1353, 1355 (10th Cir. 1991) (finding presumption not rebutted where

4

defendant offered proof of strong family ties and government made strong evidentiary showing). Notably, many of her family members themselves have a criminal history. Although she has strong community and family ties, that does not tend to rebut the presumption of dangerousness to the community. Although she lacks any prior criminal convictions, the Court finds this does not tend to rebut the presumption in light of the charges alleged, which involved multiple drug transactions. As explained below, as in *Stricklin* the Government has a made a strong evidentiary showing. *United States v. Stricklin*, 932 F.2d 1353, 1355 (10th Cir. 1991) (finding that presumption was not rebutted where defendant offered proof of strong family ties and government made strong evidentiary showing). Therefore, the Court does not believe that Defendant has rebutted the presumption.

Alternatively, assuming Defendant has rebutted the presumption, the presumption remains a consideration when weighing the § 3142(g) factors. The Court finds that the presumption here weighs in favor of detention.

**B.     Nature and Circumstances of the Offenses Charged.**

The Court must consider "the nature and circumstances of the offense charged, including whether the offense is a crime of violence … or involves …a controlled substance, firearm, explosive, or destructive device." 18 U.S.C. § 3142(g)(1).

Here, Defendant is charged with two counts of intentional distribution of 400 grams or more of fentanyl. Defendant's two charges of intentional distribution of fentanyl each come with a minimum sentence of ten years' imprisonment and a maximum sentence of life imprisonment. 21 U.S.C. §§ 841(b)(1)(A)(vi). As explained above, the rebuttable presumption applies here.

The Government asserts that it performed two controlled buys from Defendant, each involving 400 grams or more of fentanyl. A search of Defendant's residence found tools of the

5

drug trade, including a firearm in Defendant's purse, another firearm in a backpack in a closet, ammunition, a money counter, methamphetamine and fentanyl, small "baggies", and over $12,000 in cash. The Government performed a traffic stop on a customer who left Defendant's residence, and they told officers that they bought heroin from Defendant.

As explained by the Government, fentanyl is deadly, and Defendant is charged with distributing or possessing with an intent to distribute large quantities of fentanyl. Although Defendant points to a lab report and disagrees with the amounts of fentanyl alleged by the Government, the amount in the lab report remains well above 400 grams of fentanyl for both charges. Moreover, Defendant faces significant potential sentencing exposure if she is convicted.[1]

Here, the seriousness of the crimes charged, the nature and circumstances of the offense, as well as the potential minimum and maximum term of imprisonment weigh heavily in favor of finding that Defendant is a flight risk and danger to the community. This factor weighs heavily in favor of detention.

### C.  Weight of the Evidence.

The weight of the evidence appears to be strong and weighs in favor of detention.[2] The Tenth Circuit has stated that the Court should consider the weight of the evidence for the offense charged, as well as any asserted affirmative defenses. *See United States v. Mobley*, 720 F. App'x

---

[1] Defendant is presumed innocent, there is no Presentence Report, and the Court makes no determination regarding sentencing matters, but merely notes the *possibilities* faced by Defendant to elucidate the nature and circumstances of the crimes charged. *See, e.g., United States v. Selman*, 691 F. Supp. 3d 1334, 1341 (N.D. Okla. 2023) (Under § 3142)(g)(1), noting that the defendant faces a lengthy sentence if convicted); *United States v. Cisneros*, 328 F.3d 610, 618 (10th Cir. 2003) (noting that district judge considered the maximum sentence faced by defendant). For example, the Court does not opine on whether a safety valve is applicable here.

[2] In considering this factor, Defendant is presumed innocent and has a right to a jury trial. The Court does not and cannot make a pretrial determination that Defendant is guilty at this procedural posture. Nevertheless, the Court is required to consider the weight of the evidence to make the appropriate analysis under § 3142(g).

441, 445 (10th Cir. 2017) (considering weight of evidence supporting charges as well as defendant's affirmative defense); *United States v. Cisneros*, 328 F.3d 610, 618 (10th Cir. 2003) ("the evidence in the record is sufficient to persuade us that it is strong as to the charges against Cisneros.").

As explained by the Government, the weight of the evidence is strong. The Government performed two controlled buys of 400 grams or more of fentanyl from Defendant. One purchase involved an exchange of $17,500 for 20,000 pills (2,710 grams) of fentanyl. The second purchase involved an exchange of $23,750 for 25,000 pills (2,770 grams) of fentanyl. During one buy, Defendant's boyfriend openly displayed a firearm. Agents stopped one of Defendant's customers who said they bought heroin from Defendant. The Government recorded phone calls with Defendant setting up the sales and recorded one of the sales. Finally, the Government executed a search of Defendant's home, which found two firearms, ammunition, methamphetamine and fentanyl, bags to distribute narcotics, a money counter, and $12,000 in cash.

Defendant disputes the amount of fentanyl reported by the Government, pointing to lab reports. But the amounts allegedly reported in the lab reports still remain above 400 grams for each count. *See* Doc. 69 at 6. Defendant also argues that the allegations submitted by the Government do not suggest she was involved in any large-scale drug trafficking. Defendant asserts that the firearms recovered were not related to any drug trafficking. But her boyfriend allegedly possessed and displayed a firearm during one of the controlled buys.

At this stage of the proceedings, the Government has sufficiently shown evidence in its favor. This factor weighs in favor of detention.

### D. Defendant's history and characteristics.

The next factor is "the history and characteristics of the person." § 3142(g)(3). It includes the defendant's "character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings." § 3142(g)(3)(A).

Defendant has no prior criminal convictions. She was charged with felony drug possession in 2017 in state court, and was charged with several traffic offenses, with one failure to appear. She also had various traffic offenses which she resolved by pre-prosecution diversion. Doc. 44 at 5.

Moreover, Defendant has extensive ties to New Mexico. She asserts she is a lifelong resident of Albuquerque and her immediate family lives in Albuquerque. Doc. 69 at 7. However, several of her family members have a criminal history, including her boyfriend (her co-conspirator), her grandmother, her mother, and her brother. Defendant's grandmother was convicted of aiding and abetting aliens in the Western District of Texas in 1979. The Government alleges some members of her family were not forthcoming to Pretrial Services regarding their criminal history. Doc. 62 at 12.

Defendant reports visiting Mexico once in the past year, but she has turned in her passport.

Defendant asserts she has a business, "Angel Cakes Lashes", in which she sells eyelashes at events. She is or seeks to be an influencer.

In sum, Defendant's history and characteristics weigh in favor of release, but they are not sufficient to outweigh other factors which favor detention.

### E. Danger to Community.

The Court must also consider "the nature and seriousness of the danger to any person or the community that would be posed by the person's release." 18 U.S.C. § 3142(g).

> the language referring to the safety of the community refers to the danger that the defendant might engage in criminal activity to the detriment of the community. The Committee intends that the concern about safety be given a broader construction than merely danger of harm involving physical violence....

S.Rep. at 12-13, 1984 U.S. Code Cong. & Adm. News, 3195, *cited in United States v. Bolivar*, No. 20-CR-717 WJ, 2020 WL 1912004, at *3 (D.N.M. Apr. 20, 2020). As explained above, a rebuttable presumption of dangerousness arises here.

Here, the allegations in this case, as explained above, suggest that Defendant is danger to the community because she might engage in criminal activity to the detriment of the community. The evidence suggests that the sales were not a random, impulsive act or an aberration. The Government completed two controlled buys from Defendant of 400 grams or more of fentanyl, and a witness reported that Defendant sold them heroin. At Defendant's home, agents found multiple tools of the drug trade, and she told undercover agents that she could sell him other narcotics or more than 100,000 fentanyl pills.

In sum, the evidence suggests that Defendant is a danger to the community because she might engage in further criminal activity. The Court finds that the dangerousness factor weighs in favor of detention.

### F. Weighing the factors.

Weighing the factors above, including the presumption of detention, the Court finds that the Government has shown by a preponderance of the evidence that Defendant is a flight risk and by clear and convincing evidence that Defendant is a danger to the community.

## II. The proposed conditions of release will not reasonably assure the safety of the community or her appearance as required.

A defendant must be released pending trial unless a judicial officer finds "that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." *United States v. Begay,* 315 Fed. Appx. 53, 54 (10th Cir. 2009). The Government bears the burden of showing that no conditions of release will reasonably assure the appearance of the defendant or the safety of the community. *United States v. Gerkin*, 570 F. App'x 819, 821 (10th Cir. 2014).

Defendant is subject to 18 U.S.C. § 3142(f)(1) because she is charged with an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act. § 3142(f)(1)(C). Thus, the Court does not inquire whether she will flee, as set forth under § 3142(f)(2). Rather, the relevant statutory language refers to whether any conditions "will reasonably assure the appearance of such person as required and the safety of any other person and the community." § 3142(f)(1).

Here, Defendant asserts that pretrial supervision, residing at her grandparents' home, GPS location monitoring, and a curfew, will reasonably assure her appearance as required and the safety of the community. She also asserts that she turned in her passport. Under her current release order, Defendant is required to reside at La Pasada halfway house. The Court disagrees, and finds that no condition or combination of conditions will reasonably assure her appearance as required and the safety of any other person and the community, for the reasons explained in its analysis of the rebuttable presumption and the § 3142(g) factors.

In addition to the above analysis, the Court notes that Defendant is charged with two counts of intentional distribution of 400 grams or more fentanyl, a very serious crime which carries a

10

potential minimum sentence of ten years' imprisonment and a maximum sentence of life imprisonment. The seriousness of the crimes charged and the potential sentence provide a strong incentive not to appear as required. The weight of the evidence is also strong, and the rebuttable presumption still carries weight, even if rebutted. Defendant asserts she would not flee Albuquerque or the country. But under § 3142(f)(1), the inquiry is not whether she would flee the country, but whether she would appear as required.

Defendant lacks a history of criminal convictions. However, under the dangerousness inquiry, the Court must consider the risk that she might engage in criminal activity to the detriment to the community. *United States v. Bolivar*, No. 20-CR-717 WJ, 2020 WL 1912004, at *3 (D.N.M. Apr. 20, 2020). Evidence of two controlled buys of fentanyl, a separate sale of heroin, her alleged recorded statement that she could sell more drugs, and the presence of tools of the drug trade in her home, suggest that she is a danger to the community because she might engage in future criminal activity to the detriment of the community. The alleged evidence suggests she made or attempted to make multiple narcotics sales. The Court doubts any condition or combination of conditions of release will reasonably assure the safety of the community.

The Court is also concerned about Defendant's request to be released to the third-party custody of various family members, including her parents or grandparents, some of whom have a criminal history and were allegedly not forthcoming to Pretrial Services regarding their criminal history.

In sum, the above analysis of the § 3142(g) factors, including the weight of the evidence, the rebuttable presumption, the potential of a minimum ten-year sentence, the maximum sentence, and the nature and circumstances of the crimes charged, suggest that there are no conditions which will reasonably assure the safety of the community or her appearance as required.

## CONCLUSION

Defendant has not rebutted the presumption of detention. Alternatively, weighing the § 3142(g) factors together and the rebuttable presumption of detention, the Court concludes that Defendant is a danger to the community by clear and convincing evidence and that no conditions of release will reasonably assure the safety of the community.  Moreover, the Court finds by a preponderance of the evidence that Defendant is a flight risk and no combination of conditions will reasonably assure her appearance as required.

**IT IS THEREFORE ORDERED** that Government's Motion for Revocation of Conditions of Release, Emergency Motion for Stay, and Brief in Support of Detention **(Doc. 62)** is **GRANTED.**

**IT IS FURTHER ORDERED** that Defendant's Motion to Modify Conditions of Release (**Doc. 58**) is **DENIED** as moot.

```
        /S/
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE
```